**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CLARK WILLES, | No. 14-35019 |
| Plaintiff - Appellant, | D.C. No. 6:11-cv-06409-MC |
| v. | |
| LINN COUNTY, a municipality; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Argued and Submitted April 8, 2016
University of Oregon, Eugene, Oregon

Before:    GOODWIN, O'SCANNLAIN, and LEAVY, Circuit Judges.

Clark Willes appeals from the district court grant of summary judgment in favor of defendants on Willes's claims under 42 U.S.C. § 1983 for false arrest, malicious prosecution, and retaliation. We review de novo, *Smith v. Almada*, 640 F.3d 931, 936-37 (9th Cir. 2011), and we affirm.

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

The district court properly granted summary judgment on Willes's false arrest claim. Even if the so-called false statements by the defendants were set aside, the district court correctly noted that independent witnesses provided sufficient evidence of probable cause.[1]

The determination of probable cause also defeats Willes's malicious prosecution and retaliation claims. *See Lassiter v. City of Bremerton*, 556 F.3d 1049, 1054-55 (9th Cir. 2009) (probable cause is an absolute defense to malicious prosecution); *Skoog v. County of Clackamas*, 469 F.3d 1221, 1231-32 (9th Cir. 2006) (stating that a plaintiff must ultimately prove that the defendant's desire to cause a chilling effect was a but-for cause of defendant's action). The arrest warrant here was issued pursuant to the grand jury's determination of probable cause. Willes provides no evidence of a "but-for" retaliatory motive to cause a chilling effect upon his First Amendment rights.

Willes's remaining claim for municipal liability is predicated on his claim that the individual defendants violated his constitutional rights. Because no

---

[1] We need not decide whether the holding in *Rehberg v. Paulk*, __ U.S. __, 132 S. Ct. 1497, 1506-07 (2012) impacts our holding in *Harris v. Roderick*, 126 F.3d 1189 (9th Cir. 1997), because, even under the standards articulated in *Harris*, Willes fails to raise a triable issue as to the existence of a conspiracy or level of misconduct sufficient to taint the grand jury's finding of probable cause.

constitutional violations occurred, Willes's municipal liability claim fails. *See*

*Scott v. Henrich*, 39 F.3d 912, 916 (9th Cir. 1994).

**AFFIRMED.**